FILED
APR 02 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No. 12-4444GT ) |
| v. | ) ORDER |
| JUAN MORALES-MORAN, | ) |
| Defendant. | ) |

On January 28, 2013, Defendant, Juan Morales-Moran ("Mr. Morales") filed two Objections to the Presentence Report ("PSR"). The Court filed a written order granting in part and denying part the two Objections. After listening to oral argument, the Court requested further briefing on the issue of whether or not Mr. Morales' prior 2003 deportation, and likewise the 2012 reinstatement, are valid. For the reasons stated below, the Court finds that the two prior deportations are valid.

As a preliminary matter, Mr. Morales is correct in asserting that he may collaterally attack his prior deportations because they support a sentencing enhancement. *See* United States v. Rodriguez-Ocampo, 664 F.3d 1275, 1278 (9th Cir. 2011). To successfully collaterally attack his prior deportations, Mr. Morales must demonstrate that he: 1) exhausted any administrative remedies that may have been available to seek relief; 2) the deportation proceedings improperly

denied him the opportunity for judicial review; and 3) the order was fundamentally unfair. 8 U.S.C. § 1326(d), United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1048 (9th Cir. 2004; United States v. Reyes-Bonilla, 671 F.3d 1036, 1042-1043 (th Cir. 2012). The underlying removal order is "fundamentally unfair" if a defendant's due process rights were violated by defects in the deportation process, and he suffered prejudice as a result. Reyes-Bonilla, 671 F.3d at 1043. To demonstrate prejudice, Mr. Morales must show that he had a "plausible" ground for relief from deportation. Ubaldo-Figueroa, 364 F.3d at 1050. It is the third prong, whether or not the removal order was "fundamentally unfair," which is at issue in this case.

Mr. Morales argues that his due process rights were violated because he "was placed in administrative removal proceedings as an aggravated felon on the basis of a conviction for Cal. Penal Code § 11352." Mr. Morales states that § 11352 has been ruled as categorically overbroad as a drug trafficking offense and "the government did not prove that his conviction was an aggravated felony under the modified categorical approach." Hence, according to Mr. Morales, he should not have been placed in administrative proceedings and was not deportable as charged. As such, his deportation is invalid." The Court disagrees.

Mr. Morales is correct in stating that the Ninth Circuit has ruled that § 11352 is overbroad as a drug trafficking offense. In United States v. Kovas, 367 F.3d 1116, 1119 (9th Cir. 2004), the Ninth Circuit did rule that § 11352 was overbroad and not categorically a drug trafficking offense. However, Kovas was decided in May of 2004. Mr. Morales was deported in May of 2003. Hence, at the time Mr. Morales was deported, under the law at that time, § 11352 was still considered a drug trafficking offense and an aggravated felony. Accordingly, under the law at the time Mr. Morales was deported, his deportation was valid.

Mr. Morales points out that the Ninth Circuit ruled in 2001 that Cal. Penal Code § 11360 was overbroad and not categorically a drug trafficking offense. *See* United States v. Rivera-Sanchez, 247 F.3d 905, 908-09 (9th Cir. 2001). Mr. Morales argues that since the language of § 11360 and § 11352 were similar, that § 11352 was automatically overbroad under the law as well. Mr. Morales claims that INS and the Government should have applied the modified categorical approach to prove that Mr. Morales' conviction for § 11352 was a drug trafficking offense.

However, this would require INS and the Government to have foreseen the subsequent change in the law. This Court declines to impose such a requirement. Notably, there is no argument before the Court as to whether this later change in the law was a "substantive interpretation" of the law are simply a clarification.

More importantly, as a matter of policy, to allow defendants to attack old deportations based upon all subsequent changes in the law would open a "flood gate of litigation" and render the finality of both those old deportations and any convictions which rely on those deportations uncertain. This would seriously undermine the finality of these judgments.

Moreover, even if Mr. Morales' conviction for § 11352 was not an aggravated felony, he must still demonstrate prejudice, that he had a "plausible" ground for relief from deportation. In this case, Mr. Morales could have been deported simply because he was in the United States illegally and/or under 8 U.S.C. § 1227(a)(2)(B)(I) for his two prior drug related convictions. *See* Mielewczyk v. Holder, 575 F.3d 992, 997-98 (9th Cir. 2009).

Mr. Morales argues that he had a plausible ground for the relief of voluntary departure under 8 U.S.C. § 1229c(a)(1) When considering granting a request for voluntary departure, an Immigration Judge must weigh both favorable and unfavorable factors. Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir. 1994)(*quoting* De La Luz v. INS, 713 F.2d 545 (9th Cir. 1983). One of the unfavorable factors is the "existence, seriousness, and recency of any criminal record." Id. *See, e.g.* United States v. Zavala-Zavala, No. 11-5782, 2012 WL 1969289, at *4 (S.D. Cal. June 1, 2012). Additionally, Mr. Morales' immigration records show that he was apprehended on six prior occasions and not prosecuted. *See,* In re Arguellos-Campos, 22 I. & N. Dec. 811, 819 (BIA 1999) (affirming denial of voluntary departure where alien had no criminal record, but had illegally entered the United States multiple times) Given the seriousness and the recency of his two prior drug related offenses and his prior apprehensions, it is not plausible that an immigration judge would have granted him voluntary departure. Because Mr. Morales has not shown plausible grounds for relief, he was not prejudiced by any alleged due process violation. Accordingly,

//

//

3

12cr4444

**IT IS ORDERED** that Mr. Morales' 2003 deportation and subsequent 2012 reinstatement are valid.

**IT IS FURTHER ORDERED** that the +2 under § 2L2.2(b)(1) is applicable.

**IT IS SO ORDERED.**

date 4/2/13

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel